```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :    CRIMINAL ACTION
                               :
            v.                 :
                               :
SEAN ROGERS, et al.            :    NO. 08-41
```

MEMORANDUM

Bartle, C.J.                                        March 12, 2009

Before the court are five separate motions of defendants Timothy Bowers, John Jaudon, Julian Joseph, Kendall Kinchen, and Oliver Sims to sever the trial as to each of them. In seeking severance, the defendants bear a heavy burden. They "must demonstrate not only that the court would abuse its discretion if it denied severance, but also that the denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial." United States v. Lore, 430 F.3d 190, 205 (3d Cir. 2005) (internal quotations omitted).

I.

On March 11, 2008, the United States charged sixteen defendants, including Bowers, Jaudon, Joseph, Kinchen, and Sims, in a one hundred eight count indictment for various drug crimes in violation of 21 U.S.C. §§ 841(a)(1), 846 & 860(a) and 18 U.S.C. §§ 2, 922(g)(1) & 924(c). The charges arose out of the defendants' alleged possession and distribution of cocaine base ("crack") in and around Easton, Pennsylvania between June, 2007 and January, 2008. The indictment alleges a pattern of criminal

conduct whereby each defendant contacted lead defendant Sean Rogers by telephone to order crack cocaine and Rogers then met them in person to deliver the drugs.

Three of the defendants, Sean Rogers, Anna Baez, and Dawn Scott, were indicted for conspiracy.  Rogers was also indicted with two firearms offenses in connection with the distribution of drugs.  The other thirteen defendants were charged with possession and distribution only.  All sixteen defendants were arrested as a result of a single investigation, which included interception of wiretapped telephone calls, surveillance, analysis of telephone records, execution of search warrants, and interviews with Rogers and cooperating witnesses.

II.

The United States may charge multiple defendants in a single indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  Fed. R. Crim. P. 8(b).  Although "[t]here is a preference in the federal system for joint trials of defendants who are indicted together," Rule 14 of the Federal Rules of Criminal Procedure permits the district court to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a); Zafiro v. United States, 506 U.S. 534, 537 (1993).

Under Zafiro v. United States, district courts may exercise their discretion to grant severance "only if there is a

serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." 506 U.S. at 539. A defendant must show that he or she will suffer "clear and substantial prejudice resulting in a manifestly unfair trial." Lore, 430 F.3d at 205. Non-specific allegations of prejudice will not suffice. United States v. Reicherter, 647 F.2d 397, 400 (3d Cir. 1981). Even where there is a risk of prejudice, limiting instructions are typically adequate safeguards. Zafiro, 506 U.S. at 539. Where a defendant fears a "spillover" effect from voluminous evidence, not all of which is admissible against him, an increased likelihood of conviction in a joint trial is not grounds for severance. United States v. Sandini, 888 F.2d 300, 307 (3d Cir. 1989). Rather, "the relevant inquiry is whether the jury will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility." Lore, 430 F.3d at 205 (internal quotations omitted).

None of the five defendants presently moving for a separate trial has satisfied his burden of showing a serious risk of substantial prejudice to a specific trial right. Multiple defendant trials are a regular occurrence, and nothing alleged in the motions before the court indicates anything other than the ordinary risks. We can cure these through appropriate limiting instructions.

Defendant Timothy Bowers claims that because "[t]he overt acts alleged by the indictment transpired between June 2007 to January 23, 2008" yet he was charged only "with purchases between October 24, 2007, to November 22, 2007," that an undue prejudice exists and requires severance.  We disagree.  There is no reason that a limiting instruction would not alleviate any risk of prejudice to Bowers.  In fact, the dates Bowers mentions could serve to aid the jury in compartmentalizing the evidence as it relates to him.

Defendant John Jaudon seeks severance on the ground that he was "not in possession of any contraband when he was arrested.  Nor was any contraband found related to him subsequent to his arrest.  The government's evidence against Jaudon is based on his participation in phone calls that were tapped during a two month period of time."  It is the evidence garnered from these wiretapped telephone calls that is the very reason why it is appropriate for Jaudon to be tried with the other defendants.  The federal system's preference for joint trials exists in part to promote efficiency and to avoid repetition of testimony in consecutive trials, as would be the case here if Jaudon's case were severed.  The government collected its evidence against Jaudon through the same wiretap it used to collect information against the other fifteen defendants.

Defendant Julian Joseph has been charged with eight counts of possession with intent to distribute cocaine base and four counts of possession with intent to distribute five grams or

-4-

more of cocaine base.  He argues that because he was not charged with conspiracy or a firearms offense he should be tried separately to avoid prejudice.  We disagree with Joseph's view that this court cannot "meaningfully instruct the jury as to the limited admissibility of evidence" against him.  We presume that jurors follow the limiting instructions that the court provides to them.  Zafiro, 506 U.S. at 540.

Defendant Kendall Kinchen moves for severance because he claims that the defenses of the other defendants are antagonistic to his own in that they may admit to conduct and involvement different from Kinchen.  Kinchen states no facts to support or explain this claim.  We will thus deny his motion because "[m]utually antagonistic defenses are not prejudicial per se."  Id. at 538.

Defendant Oliver Sims argues that the government's overwhelming evidence against other defendants will have a "spillover" effect on his case.  Such a generic claim does not inform the court of what evidence Sims contends the jury would be unable to compartmentalize, and we therefore find no reason to sever his case.  See Sandini, 888 F.2d at 308.

Accordingly, we will deny the five motions for severance because the defendants have not established that failure to sever will result in a serious risk of clear and substantial prejudice to a specific trial right.

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :      CRIMINAL ACTION
                                :
            v.                  :
                                :
SEAN ROGERS, et al.             :      NO. 08-41
```

ORDER

       AND NOW, this 12th day of March, 2009, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

       (1)  the motion of defendant Timothy Bowers for severance (Doc. #256) is DENIED;

       (2)  the motion of defendant John Jaudon to sever trial (Doc. #281) is DENIED;

       (3)  the motion of defendant Julian Joseph for separate trial (Doc. #264) is DENIED;

       (4)  the pretrial motion of defendant Kendall Kinchen (Doc. #268) is DENIED in part with respect to part I, the motion for severance; and

       (5)  the motion of defendant Oliver Sims for separate trial (Doc. #262) is DENIED.

                                 BY THE COURT:

                                 /s/ Harvey Bartle III
                                                           C.J.